# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DEREK ROBERTS, as Personal Representative of the ESTATE OF WILLIE ROBERTS, JR., deceased, | * * * * |
| Petitioner, | * No. 18-1156V * Special Master Christian J. Moran * |
| v. | * Filed: May 10, 2021 * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Attorneys' Fees and Costs * * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * **

Theodore J. Hong, Maglio Christopher & Toale, Seattle, WA, for Petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Derek Robert's motion for final attorneys' fees and costs. He is awarded **$41,684.91**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On August 8, 2018, petitioner filed for compensation on behalf of his deceased father, Willie Roberts, Jr., under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine Mr. Roberts received on September 24, 2014, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer transverse myelitis. On August 12, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2020 WL 5413621 (Fed. Cl. Spec. Mstr. Aug. 12, 2020).

On September 4, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $43,249.00 and attorneys' costs of $598.36 for a total request of $43,847.36. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On September 8, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on September 8, 2020, reiterating his belief that the requested fees and costs are reasonable.

\* \* \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel, Mr. Theodore Hong: $290.00 per hour for work performed in 2018, $305.00 per hour for work performed in 2019, and $323.00 per hour for work performed in 2020. Fees App. Ex. 1 at 26. These rates are consistent with what Mr. Hong has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein. See, e.g., Kuznitz v. Sec'y of Health & Human Servs., No. 18-131V, 2021 WL 850868 (Fed. Cl. Spec. Mstr. Jan 22, 2021).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and, on the whole, the billed hours are reasonable. Counsel has done a good job with the level of detail provided in his billing entries, which has allowed the undersigned to assess the reasonableness of the hours billed. One minor issue is that Mr. Hong and firm paralegals have occasionally billed for review of the same order, resulting in an excessive amount of time expended on their review.

Another issue is excessive time expended on certain tasks. For example, on 5/7/2020, Mr. Hong and paralegals expended a total of .4 hours on preparing and filing a notice of change of address. On 8/3/20, a total of 1.2 hours were expended on routine work concerning the stipulation. Additionally, a total of 23.4 hours were billed for the preparation of the instant motion for attorneys' fees and costs (the majority of which were billed by Mr. Hong). All of these are examples of excessive time billed in this case, with the time billed on the fees motion the most egregious example. Upon review, a five percent reduction to the attorneys' fees is reasonable to offset the aforementioned billing issues. This results in a reduction of $2,162.45. Petitioner is therefore awarded final fees of $41,086.55.

### C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $598.36 in attorneys' costs. This amount is comprised of postage and the Court's filing fee. Fees App. Ex. 2 at 1. Petitioner has provided adequate documentation supporting all of the requested costs, and they appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

### E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$41,684.91** (representing $41,086.55 in attorneys' fees and $598.36 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Maglio Christopher & Toale, P.A.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.